## COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions because all instructions, whenever given and whether in writing or not, must be followed.

## COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

2

## COURT'S INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" consists of the testimony of witnesses, and the documents received as exhibits. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.    Statements, arguments, questions and comments by the attorneys are not evidence.

2.    Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Anything you saw or heard about this case outside the courtroom is not evidence.

3

## COURT'S INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

4

## COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify regarding what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## COURT'S INSTRUCTION NO. 6

A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

6

Finally, you have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

7

## COURT'S INSTRUCTION NO. 7

You have heard evidence regarding a letter issued by the Equal Employment Opportunity Commission, or the "EEOC."   Under the law, a party alleging discrimination must file a charge of discrimination with the EEOC as a prerequisite to filing a lawsuit.  When a person files a charge with the EEOC, the EEOC will then issue a "notice of right to sue."  This "right to sue" letter's only purpose is to authorize the person complaining of discrimination to file a lawsuit.  The letter is not evidence as to the merits of the claims and the jury cannot use it as an element of proof in deciding the claims at issue.

8

## COURT'S INSTRUCTION NO. 8

To be subject to liability under Title VII, an employer must employ 15 or more employees.  You must decide whether Paramount Petroleum, LLC/Ashwini Gupta employed 15 or more employees.  In making this determination, you should look at how many individuals were employed for at least twenty calendar weeks, in the year in issue or the year preceding that year.  This can include full-time employees and part-time employees.  A person can be an employee even if he or she works irregular hours, perhaps even only a few days in a month.

An employee is someone who has an employment relationship with the employer.  Typically, an employment relationship exists when a person receives pay from the employer and one would consider that person to be a representative of the employer, regardless of the rank or authority one has in the employer's organizational chart.  One does not necessarily need to be working during a period to be considered on payroll or an employee.

## COURT'S INSTRUCTION NO. 9

The claims by Heather Blackwell and Stormey McMaster are individual. You must consider whether each plaintiff proved her claims as defined in these instructions. Simply because one plaintiff proved her claim does not necessarily mean the other plaintiff proved her claim. Also, simply because one plaintiff failed to prove her claim does not necessarily mean the other plaintiff failed to prove her claim.

## COURT'S INSTRUCTION NO. 10
### *(Constructive Discharge)*

Your verdict must be for the plaintiff and against defendants Paramount Petroleum LLC and Ashwini Gupta on plaintiff's sexual harassment claim if all the following elements have been proved:

*First*, the defendants made the plaintiff's working conditions intolerable, and

*Second*, plaintiff's sex was a motivating factor in defendants' actions, and

*Third*, plaintiff's resignation was a reasonably foreseeable result of the defendants' actions.

Working conditions are intolerable if a reasonable person in plaintiff's situation would have deemed resignation the only reasonable alternative.

11

## COURT'S INSTRUCTION NO. 11
### *(Supervisor Instruction)*

A supervisor is someone who is empowered to make significant changes in another person's employment status, such as hiring, failing to promote, reassigning a person to a position with significantly different responsibilities or causing a significant change in benefits.

12

## COURT'S INSTRUCTION NO. 12
### *(Hostile Work Environment by Supervisor)*

Your verdict must be for plaintiff and against defendants Paramount Petroleum

LLC and Ashwini Gupta on plaintiff's claim of sexual harassment if all of the

following elements have been proved:

*First*, the plaintiff was subjected to offensive touching or sexual conduct; and

*Second*, such conduct was unwelcome; and

*Third*, such conduct was based on sex; and

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable

person in the plaintiff's position would find the plaintiff's work environment to be

hostile; and

*Fifth*, at the time such conduct occurred and as a result of such conduct,

plaintiff believed her work environment to be hostile.

If any of the above elements has not been proved, or if you find for the

defendants under instruction number 14, your verdict must be for the defendants and

you need not proceed further in considering this claim.

13

## COURT'S INSTRUCTION NO. 13
### *(Hostile Work Environment by Nonsupervisor)*

Your verdict must be for the plaintiff and against defendants Paramount

Petroleum LLC and Ashwini Gupta on ~~Blackwell's~~ claim of sexual harassment if all

of the following elements have been proved:

*First*, the plaintiff was subjected to offensive touching or sexual conduct; and

*Second*, such conduct was unwelcome; and

*Third*, such conduct was based on the plaintiff's sex; and

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable

person in the plaintiff's position would find the plaintiff's work environment to be

hostile; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, the

plaintiff believed her work environment to be hostile; and

*Sixth*, the defendant knew or should have known of the offensive touching or

sexual conduct; and

*Seventh*, the defendants failed to take prompt and appropriate corrective action

to end the harassment.

If any of the above elements has not been proved, your verdict must be for the

defendant and you need not proceed further in considering this claim.

14

## COURT'S INSTRUCTION NO. 14
### *(Affirmative Defense for Hostile Work Environment by Supervisor)*

Your verdict must be for the defendants on plaintiff's claim of harassment if it has been proved that (a) defendants Paramount Petroleum LLC and Ashwini Gupta exercised reasonable care to prevent and promptly correct any harassing behavior; and (b) that the plaintiff unreasonably failed to take advantage of defendants' preventative or corrective opportunities, such as complaint protocols or workplace policies to prevent or address workplace harassment.

15

## COURT'S INSTRUCTION NO. 15

If you find in favor of the plaintiff, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of defendants' actions. The plaintiff's claim for damages includes three distinct types of damages and you must consider them separately:

*First*, if you find the plaintiffs were constructively discharged as defined in Instruction No. 10, you must determine the amount of any wages and fringe benefits the plaintiff would have earned in her employment with the defendants if she had not been discharged through the date of your verdict, minus the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second*, if you found for the plaintiff on any claim, you must determine the amount of any other damages sustained by the plaintiff, such as future losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other financial losses. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the plaintiff has a duty under the law to mitigate her damages - that is, to exercise reasonable diligence under the circumstances to

16

minimize her damages.  Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.

17

## **COURT'S INSTRUCTION NO. 16**

If you find in favor of the plaintiff but you find that the plaintiff's damages

have no monetary value, then you must return a verdict for the plaintiff in the nominal

amount of One Dollar ($1.00).

18

## COURT'S INSTRUCTION NO. 17

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff then you must decide whether the defendant acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of her sex.   The defendants acted with malice or reckless indifference if it has been proved that defendants knew their actions were in violation of the law prohibiting sex discrimination, or acted with reckless disregard of that law.  However, you may not award punitive damages if it has been proved that the defendant made a good-faith effort to comply with the law prohibiting sex discrimination.

If you find that the defendant acted with malice or reckless indifference to the plaintiff's rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction 15 or 16.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.   How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.   How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.  You may not consider harm to others in deciding the amount of punitive damages to award.

3.   What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendants for their wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

4.   The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against the defendants or you may refuse to impose punitive damages.

20

## COURT'S INSTRUCTION NO. 18

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and

21

I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case.


[Read Form]


You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

22